CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

MAR 10 2017

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

**Jury Instructions**

**UNITED STATES v. SITESH BANSI PATEL**

**Case No. 1:16CR00034**

Judge James P. Jones
March 10, 2017

Instruction No. _1_

Ladies and gentlemen of the jury, I'm going to give you final instructions now, since you will soon leave the courtroom to begin your deliberations. I will also send a written copy of these instructions with you.

As I told you earlier, the government has accused the defendant of committing certain crimes. This is only a charge. In order for you to find the defendant guilty of a crime, you must be convinced beyond a reasonable doubt that the defendant committed the crime as charged. If you are not convinced beyond a reasonable doubt that the defendant committed the crime as charged, you must find him not guilty of that crime.

During the course of the trial, you received all the evidence you may properly consider to decide the case. Your decision in the case must be made solely on the evidence presented at the trial. You should consider all the evidence that was presented to you.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

At times during the trial you saw lawyers make objections to questions or to answers by witnesses. This simply means that the lawyers were requesting that I

21 make a decision on a particular rule of law. Do not draw any conclusion from such

22 objections, or from my rulings on the objections. These are only related to the

23 legal questions I had to determine, and should not influence your thinking. When I

24 sustained an objection to a question the witness was not allowed to answer it. Do

25 not attempt to guess what answer might have been given had I allowed the

26 question to be answered. Similarly, when I told you not to consider a particular

27 statement, you were told to put that statement out of your mind, and you may not

28 refer to that statement in your deliberations.

29      Neither in these instructions nor in any ruling, action, or remark that I have

30 made during the course of this trial have I intended to give any opinion or

31 suggestion as to what your verdict should be. During this trial, I have occasionally

32 asked questions of witnesses in order to bring out facts not then fully covered in

33 testimony. Do not assume that I hold any opinion on the matter to which my

34 questions are related.

Instruction No. 2

It is my job to decide what rules of law apply to this case. I've explained some of these rules to you during the course of the trial, and I will explain others of them to you before you go to the jury room. While the lawyers may have properly commented during the trial on some of these rules, you are to be guided only by what I say about them. You must follow all the rules as I explain them to you. You may not follow some and ignore others. Even if you disagree or don't understand the reasons for some of the rules, you are bound to follow them.

Instruction No. 3

1

2

3    If you decide that the government has proved beyond a reasonable doubt that

4    the defendant is guilty, it will also be my job to decide what the punishment will

5    be.  You should not try to guess what the punishment might be.  It should not enter

6    into your consideration or discussions at any time.

Instruction No. 4

The decision you reach in the jury room, whether guilty or not guilty, must be unanimous.  You must all agree.  Your deliberations will be secret.  You will never have to explain your verdict to anyone.

Instruction No. *5*

The law presumes a defendant to be innocent of a crime. Thus, the defendant, although accused, begins the trial with a clean slate — that is to say with no evidence against him — and the law permits nothing but legal evidence presented before the jury to be considered in support of any charge against him. So, the presumption of innocence alone is sufficient to acquit the defendant unless the jurors are satisfied beyond a reasonable doubt of the defendant's guilt from all the evidence in the case. This presumption of innocence is an abiding presumption that goes with the defendant throughout the entire case and applies at every stage. As I have said, the government has the burden of proving the defendant's guilt beyond a reasonable doubt.

Instruction No. 6

An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should decide whether you believe what each person had to say, and how important that testimony was. In making that decision I suggest that you ask yourself a few questions. Did the person impress you as honest? Did he or she have any particular reason not to tell the truth? Did he or she have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did he or she appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

The weight of the evidence is not necessarily to be determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a smaller number of witnesses as to a fact is more persuasive than that of a greater number of witnesses, or you may find that they are not persuasive at all.

1    In determining whether to believe a witness, you may also consider whether

2    a witness said or did something previously that is inconsistent with what the

3    witness said while testifying in the courtroom in this case.

Instruction No. 7

There are two types of evidence which are generally presented during a trial — direct evidence and circumstantial evidence.  Direct evidence is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness.  Circumstantial evidence is proof of a chain of facts and circumstances indicating the existence of a fact.  The law makes no distinction between the weight or value to be given to either direct or circumstantial evidence.  Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence.

While you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the evidence in the case.

Instruction No. 8

You have heard the testimony of witnesses who have been convicted of a crime. Prior conviction of a crime that is a felony or involves a dishonest act or false statement is one of the circumstances you may consider in determining the credibility of a witness.

Instruction No. 9

You have heard the testimony of witnesses who provided evidence for the government with the hope of securing leniency in their own cases.

Some people in this position are entirely truthful when testifying. Still, you should consider the testimony of such individuals with particular caution. They may have had reasons to make up stories or exaggerate what others did because they wanted to help themselves.

Under the law, the government may request leniency in a case based upon the defendant's substantial assistance in the prosecution of another person. The ultimate sentence imposed, however, is up to the judge, and not to the government.

Instruction No. _10_

      There has been evidence that other people have pleaded guilty, including some of the government's witnesses. The fact that one person has pleaded guilty is not evidence of the guilt of any other person.

Instruction No. 11

The government has charged that certain events or conduct occurred "on or about" a specific date.

The government does not have to prove that the events or conduct occurred on the exact dates alleged. Rather, it is sufficient if they occurred on a date reasonably near the date alleged.

Instruction No. 12

During the trial, items were received into evidence as exhibits. Any or all of these exhibits will be sent into the jury room if you request. Examine the exhibits if you think it would help you in your deliberations.

Instruction No. 13

Count One charges that, at times between 2008 and August 2011, the defendant knowingly conspired with Steve Wood and Guillermo "Willy" Ramos, with intent to defraud and mislead, to: (i) introduce a misbranded drug into interstate commerce, in violation of federal law; (ii) receive a misbranded drug in interstate commerce, in violation of federal law; and (iii) fail to register with the Food and Drug Administration and provide required information, in violation of federal law. Count One further charges the defendant with conspiracy to defraud the United States by impeding the lawful functions of the Food and Drug Administration of the Department of Health and Human Services.

Count Two charges that from 2008 through August, 2011, the defendant conspired with Wood and Ramos to violate federal law by devising a scheme to defraud and obtain money by false representations, and causing delivery, by mail or interstate commercial carrier, of items for the purpose of executing their scheme.

The elements of the offenses that are the alleged objects of these charged conspiracies will be described in detail later in my instructions.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose. It is a kind of partnership in crime

in which each member becomes the agent of every other member. For you to find the defendant guilty of Count One or Count Two, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

ONE: That at some time during the dates charged, there was an agreement between two or more persons to do one or more of the criminal purposes charged;

TWO: That the defendant voluntarily joined the conspiracy knowing its purpose and intending to help accomplish that purpose; and

THREE: That one or more of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the Indictment, in order to accomplish some object or purpose of the conspiracy. This element applies only to the conspiracy charged in Count One. As to Count Two, the government is not required to prove the commission of an overt act.

The word "knowingly" in these instructions means that the act in question was done voluntarily and intentionally, and not by mistake or accident.

The term "overt act" means some type of outward, objective action performed by one of the parties to or one of the members of the agreement or conspiracy which evidences that agreement. Although you must unanimously agree that the same overt act was committed, the government is not required to prove more than one of the overt acts charged. The overt act may, but for the alleged illegal agreement, appear totally innocent and legal.

1    One more thing about overt acts:  There is a limit on how much time the

2    government has to obtain an indictment.  This is called the statute of limitations.

3    For you to return a guilty verdict on a conspiracy charge, the government must

4    convince you beyond a reasonable doubt that at least one overt act was committed

5    for the purpose of advancing or helping the conspiracy after July 26, 2011.

6        One may become a member of a conspiracy without knowing all the details

7    of the unlawful scheme or the identities of all of the other alleged conspirators.  If a

8    defendant understands the unlawful nature of a plan or scheme, and knowingly and

9    intentionally joins in that plan or scheme on one occasion, that is sufficient to

10   convict him of conspiracy, even if he had not participated before, and even if he

11   played only a minor part.  The government need not prove that the alleged

12   conspirators entered into any formal agreement, nor that they directly stated

13   between themselves all the details of the scheme.

14       Similarly, the government need not prove that all of the details of the

15   scheme alleged were actually agreed upon or carried out, nor must it prove that all

16   of the persons alleged to have been members of the conspiracy were such, or that

17   the alleged conspirators actually succeeded in accomplishing their unlawful

18   objectives.  However, mere presence at the scene of an event, even with knowledge

19   that a crime is being committed, or the mere fact that certain persons have

20   associated with each other, does not necessarily establish proof of the existence of

1  a conspiracy. Also, a person who has no knowledge of a conspiracy, but who

2  happens to act in a way that advances some purpose of a conspiracy, does not

3  thereby become a conspirator.

4  Some of the people who may have been involved in these events are not on

5  trial here. That does not matter. There is no requirement that all members of a

6  conspiracy be charged and prosecuted, or tried together in one proceeding.

Instruction No. 14

In Count One, the government charges the defendant with a multi-object conspiracy. The first alleged object of the conspiracy charged in Count One is the introduction of a misbranded drug into interstate commerce, in violation of federal law. A person commits this crime if he introduces into interstate commerce a drug that is misbranded at the time of its introduction or delivery for introduction.

The second alleged object of the conspiracy charged in Count One is the receipt of a misbranded drug into interstate commerce, in violation of federal law. A person commits this crime if he receives into interstate commerce a drug that is misbranded at the time of its receipt.

Under the law, a "drug" is defined, among other things, as an article other than food that is intended to affect the structure or any function of the body. A dietary supplement is considered a food.

A drug is misbranded under the law if:

(1) Its labeling is false or misleading in any particular;

(2) In package form, its labeling does not contain the name and place of business of the manufacturer, packer, or distributor;

(3) Its labeling does not bear (a) adequate directions for use; and (b) such adequate warnings against use in those pathological conditions or by

1    children where its use may be dangerous to health; or

2    (4) It was manufactured, prepared, propagated, compounded, or processed

3        in an establishment not duly registered with the Food and Drug

4        Administration, or it was not included in a list of drugs required to be

5        submitted to the Food and Drug Administration.

6    "Interstate commerce" means (a) commerce between any State or Territory

7    and any place outside thereof, and (b) commerce within the District of Columbia or

8    within any other Territory not organized with a legislative body.

9        The third-alleged-object of the conspiracy charged in Count One is failure to

10   register with the Food and Drug Administration upon first engaging in the

11   manufacture, preparation, compounding, or processing of a drug, and failure to

12   provide a required list of drugs being manufactured and other information to the

13   Food and Drug Administration, in violation of federal law.

14       The fourth-alleged object of the conspiracy charged in Count One is to

15   defraud the United States by impeding, impairing, obstructing, and defeating the

16   lawful functions of the Food and Drug Administration in regulating drugs for use

17   by humans.

18       Although you must unanimously agree that the conspiracy charged in Count

19   One had at least one of these alleged objects, and you must unanimously agree as

1   to which object the government has proved, the government is not required to

2   prove more than one of the objects charged.

3       The government is not required to prove that the parties to or members of

4   the alleged agreement or conspiracy were successful in achieving any or all of the

5   objects of the agreement or conspiracy.

Instruction No. 15

For each of the charged conspiracy counts — Count One and Count Two — the government must show that a single conspiracy existed. In other words, the government must show that the single conspiracy alleged in Count One existed, and that the single conspiracy alleged in Count Two existed. As to each of these counts, proof of separate or independent conspiracies is not sufficient for the government to meet its burden of proof.

In determining whether or not any single conspiracy has been shown by the evidence in the case, you must decide whether common, master, or overall goals or objectives existed which served as the focal point for the efforts and actions of any members to the agreement. In arriving at this decision, you may consider the length of time the alleged conspiracy existed, the mutual dependence or assistance between various persons alleged to have been its members, and the complexity of the goals or objectives shown.

A single conspiracy may involve various people at differing levels and may involve numerous transactions which are conducted over some period of time and at various places. In order to establish a single conspiracy, however, the government need not prove that an alleged co-conspirator knew each of the other

1  alleged members of the conspiracy, nor need it establish that an alleged co-

2  conspirator was aware of each of the transactions alleged by the government.

3      If the evidence in the case shows that the defendant was a member of

4  some conspiracy, but that this conspiracy is not the single conspiracy charged in

5  Count One or Count Two, then the government has not met its burden of proof as

6  to that count.  Unless the government proves the existence of the

7  single conspiracy described in a count beyond a reasonable doubt, you must acquit

8  defendant of that charge.

Instruction No. 16

The defendant cannot be found guilty of a conspiracy charge if he withdrew from the conspiracy more than five years before the indictment was returned. The Indictment in this case was returned on July 26, 2016. If you find that defendant Mr. Patel has proved that he withdrew from the conspiracies charged in the Indictment prior to July 26, 2011, then you must find him not guilty of Counts One and Two.

In order to withdraw, the defendant must have taken some affirmative act in an attempt to defeat or disavow the goals of the conspiracy, such as:

(1) Completely undermining his earlier acts in support of the commission of the crime so that these acts no longer could support or assist the commission of the crime; or

(2) Performing an affirmative act that is inconsistent with the goals of the conspiracy in a way that the coconspirators are reasonably likely to know about it before they carry through with the additional acts of the conspiracy; or

(3) Communicating to each of his coconspirators that he has abandoned the conspiracy and its goals.

1    Merely ceasing active participation in the conspiracy is not sufficient

2    evidence of withdrawal.

3        The defendant has the burden of proving withdrawal from a conspiracy by a

4    preponderance of the evidence. To prove something by a preponderance of the

5    evidence means to prove that it is more likely than not. This is a lesser burden of

6    proof than to prove something beyond a reasonable doubt. "Preponderance of the

7    evidence" is determined by considering all the evidence and deciding what

8    evidence is more convincing. You should consider the relevant testimony of all

9    witnesses, regardless of who may have called them, and all the relevant exhibits

10   received in evidence, regardless of who may have produced them. If the evidence

11   appears to be equally balanced, or if you cannot say upon which side it weighs

12   more heavily, you must find that the defendant has not met his burden of proving

13   withdrawal by a preponderance of the evidence.

14       The fact that the defendant has raised this defense, however, does not relieve

15   the government of its initial burden of proving beyond a reasonable doubt that

16   there was an unlawful agreement and that the defendant knowingly and voluntarily

17   joined it.

Instruction No. 17

Counts Three, Four, and Five charge that on each specified occasion, the defendant, having devised a scheme to defraud and obtain money by false representations, caused delivery by mail or private or commercial interstate carrier anything for the purpose of executing their scheme.

In order for you to find the defendant guilty of the offense, you must be convinced that the government has proven each of the following elements beyond a reasonable doubt:

ONE: That on or about the date charged, the defendant knowingly devised a scheme to defraud or obtain money by false representations;

TWO: That the scheme to defraud or the false representations were material, that is they would reasonably influence a person to part with money;

THREE: That the defendant did so with the intent to defraud; and

FOUR: That in advancing or carrying out the scheme to defraud or obtain money by false representations, the defendant used the mails or interstate carriers, or caused the mails or interstate carriers to be used.

Instruction No. 18

The use of the United States mails or interstate carriers is an essential element of the offense of mail fraud as charged in Counts Three, Four, and Five. The government is not required to prove that the defendant actually mailed anything or that the defendant even intended that the mails would be used to further or carry out the scheme to defraud or obtain money by false representations. The government must prove beyond a reasonable doubt, however, that the mails were, in fact, used in some manner to further or carry out the scheme to defraud or obtain money by false representations. The government must also prove that the use of the mails would follow in the ordinary course of business or events or that the use of the mails by someone was reasonably foreseeable.

It is not necessary for the government to prove that the item itself mailed was false or fraudulent or contained any false or fraudulent representation, or contained any request for money. The government must prove beyond a reasonable doubt, however, that the use of the mails or interstate carrier furthered or carried out, in some way, the scheme to defraud or obtain money by means of false representations.

Instruction No. 19

A scheme to defraud, or a scheme for obtaining money, means any deliberate plan of action or course of conduct by which someone intends to deceive or to cheat another or by which someone intends to deprive another of something of value.

The term "false representation" means a statement or an assertion which concerns a material or important fact or a material or important aspect of the matter in question and that was either known to be untrue at the time that it was made or used, or that was made or used with reckless indifference as to whether it was, in fact, true or false, and made or used with the intent to defraud. A material fact is a fact that would be of importance to a reasonable person in making a decision about a particular matter or transaction.

The term "false representation" includes actual, direct false statements as well as half-truths, and includes the knowing concealment of facts that are material or important to the matter in question and that were made or used with the intent to defraud.

To act with an intent to defraud means to act knowingly and with the intention or the purpose to deceive or to cheat. An intent to defraud is ordinarily accompanied by a desire or a purpose to bring about some gain or benefit to

1    oneself or some other person by a desire or a purpose to cause some loss to some

2    person.

Instruction No. 20

The law permits a conspirator to be convicted of substantive offenses committed by coconspirators in the course of and in furtherance of the conspiracy. However, in order for you to find the defendant guilty on this basis, the government must prove three elements beyond a reasonable doubt:

ONE: That a criminal offense was committed by one of the members of the conspiracy;

TWO: That the offense was committed while the coconspirator was a member of the conspiracy; and

THREE: That the offense was committed in furtherance of the conspiracy.

You may find the defendant guilty of a criminal offense committed by a co-conspirator if and only if each of these three elements is proven beyond a reasonable doubt.

If, after considering all the evidence, you believe the defendant has proved that he had withdrawn from the conspiracy before his coconspirators committed the charged mail fraud offenses as contained in Counts Three, Four, and Five, you cannot find the defendant guilty on the basis described in this instruction.

Instruction No. 20A

A defendant can be guilty of a crime as a principal or as an aider and abettor. A "principal" is the person who commits the crime, and an "aider and abettor" is a person who knowingly aids, counsels, commands, induces, or procures the commission of a crime. An aider and abettor is just as criminally responsible as the principal.

Before a defendant may be held responsible for aiding and abetting others in the commission of a crime, it is necessary that the government prove beyond a reasonable doubt that the defendant knowingly and deliberately associated herself in some way with the crime charged and participated in it with the intent to commit the crime.

In order to be found guilty of aiding and abetting the commission of the crime charged, the government must prove beyond a reasonable doubt that the defendant:

ONE: Knew that the crime charged was to be committed or was being committed;

TWO: Knowingly did some act for the purpose of aiding, commanding, or encouraging the commission of that crime; and

20      THREE:  Acted with the intention of causing the crime charged to be

21              committed.

22      Before the defendant may be found guilty as an aider or an abettor to a

23      crime, the government must also prove, beyond a reasonable doubt, that some

24      person or persons committed each of the essential elements of the offense charged

25      as detailed for you in the instructions for that charge.

26      Merely being present at the scene of the crime or merely knowing that a

27      crime is being committed or is about to be committed is not sufficient conduct for

28      the jury to find that a defendant aided and abetted the commission of that crime.

29      The government must prove that the defendant knowingly and deliberately

30      associated herself with the crime in some way as a participant —someone who

31      wanted the crime to be committed — not as a mere spectator.

Instruction No. 21

It is your duty as jurors to talk with one another and to deliberate in the jury room. You should try to reach an agreement if you can. Each of you must decide the case for yourself, but only after consideration of the evidence with the other members of the jury. While this is going on, do not hesitate to re-examine your own opinions and change your mind if you are convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently, or merely to get the case over with. In a very real way you are judges, judges of the facts. Your only interest is to determine whether the government has proved the defendant guilty beyond a reasonable doubt.

When you go to the jury room to begin considering the evidence in this case, you should first select one of the members of the jury to act as your foreperson. This person will help to guide your discussions in the jury room. Once you are there, if you need to communicate with me, the foreperson will send a written message to me. However, don't ever tell me how you stand as to your verdict, numerically or otherwise. As I mentioned several times, the decision you reach must be unanimous, you must all agree.

I remind you that during your deliberations, you must not talk with anyone or communicate with or provide information to anyone by any means about this

21 case, including by phone, text message, or email. Also, you must not obtain any

22 outside information about this case during your deliberations.

23    I will give you a verdict form to take with you to the jury room.  When you

24 have reached a decision, and the verdict form is completed, you should have the

25 foreperson sign the verdict form at the end, and tell the court security officer that

26 you are ready to return to the courtroom.